**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | Case No. 94 CR 633 |
| ) | |
| **DARYL RICHIE** ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Daryl Richie has filed a *pro se* petition for a writ of error coram nobis, asking the Court to vacate his conviction for bank robbery in the present case. The Court denies the petition for the reasons stated below.

In November 1994, Mr. Richie was charged in the present case with two counts of unarmed bank robbery under 18 U.S.C. § 2113(a). He pled guilty in November 1995. In March 1996, Judge Wayne Andersen sentenced Mr. Richie to forty-six months in prison and three years of supervised release.

A little over nine years later, in July 2005, Mr. Richie was charged with another unarmed bank robbery. *United States v. Richie*, Case No. 05 CR 525. He also pled guilty to this charge. Judge Harry Leinenweber imposed a sentence of 151 months in prison. Mr. Richie's advisory Sentencing Guidelines range was increased because the prior bank robberies were considered "violent felonies," making him a career offender under U.S.S.G. § 4B1.2(a).

Mr. Richie has completed service of both of his sentences. He has now moved to vacate his conviction in the present case (the earlier bank robbery charges) on the ground that it subjects him to future sentence enhancements if he is, in the future,

convicted of a crime.  He argues that his attorney in the 1996 case failed to advise him of the effect his guilty plea would have in future cases and that this amounts to ineffective assistance of counsel.

A writ of error coram nobis is "an extraordinary remedy, allowed only where collateral relief is necessary to address an ongoing civil disability resulting from a conviction." *Chaidez v. United States*, 655 F.3d 684, 687 (7th Cir. 2011).  It is limited to "(1) errors of the most fundamental character that render the proceeding invalid, (2) situations where there are sound reasons for the failure to seek earlier relief, and (3) instances when the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) (internal quotation marks omitted).

The failure of Mr. Richie's counsel to advise him of the potential future consequences of his guilty plea in the present case does not amount to ineffective assistance of counsel, and thus Mr. Richie is not entitled to relief even if he were able to meet the other requirements for issuance of a writ of error coram nobis.  For this reason, the Court need not address the procedural obstacles to relief and will focus on the substantive merit of Mr. Richie's motion.

Mr. Richie's claim is based largely on *Padilla v. Kentucky*, 559 U.S. 356 (2010), in which the Supreme Court ruled that a lawyer's failure to advise an accused person that his guilty plea would result in his deportation amounted to ineffective assistance of counsel.  Post-*Padilla*, however, that Seventh Circuit has squarely held that an ineffective assistance claim like Mr. Richie's lacks merit.  In *United States v. Reeves*,

695 F.3d 637 (7th Cir. 2012), the defendant's sentence was enhanced due to an earlier state conviction. The defendant objected, claiming that

> the attorney representing him during his 2004 guilty plea in state court did not inform him that a guilty plea could be used against him later to trigger a statutory sentencing enhancement in federal court. As a result, . . . the attorney had provided ineffective assistance of counsel in the state court proceedings, running afoul of the Sixth and Fourteenth Amendments to the Constitution.

*Id.* at 638. The Seventh Circuit rejected the defendant's claim. The court distinguished *Padilla*, reasoning as follows:

> [D]eportation [as in *Padilla*] is a consequence of *this* [the instant] conviction; enhancement [as in *Reeves*] depends on the defendant's deciding to commit future crimes. Put simply, there is no automatic consequence to the guilty plea in this case. Any risk present at the time Reeves pleaded guilty in state court in 2004 was entirely contingent on his deciding to commit more crime in the future.
>
> We pause for a moment to consider the absurd ramifications of the rule that Reeves asks us to create. Using *Padilla* as a springboard, we would be forced to hold that counsel has a constitutional duty to advise the client as to how he might best continue his criminal activity while minimizing his risk of future punishment. This would not only represent unattractive public policy, it finds no support in precedent. The Supreme Court created a rule in *Padilla* specific to the risk of deportation, and we see no justification for extending that to the realm of future criminal sentence enhancements.
>
> We thus find that it was not unreasonable under *Strickland* for Reeves' attorney in the 2004 proceedings to fail to advise his client that a guilty plea could result in a later sentencing enhancement for a future crime.

*Id.* at 640-41 (internal quotation marks and citation omitted).

The same is true here. The failure of Mr. Richie's counsel to tell him, in 1996, that if he committed more crimes his earlier conviction could or would result in a more severe sentence does not amount to ineffective assistance of counsel.

3

**Conclusion**

For the reasons stated above, the Court denies defendant Daryl Richie's petition for a writ of error coram nobis [dkt. no. 50].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 12, 2013